IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50001
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

$6,130.00 IN U.S. CURRENCY,

Defendant,

and RICHARD R. OCHOA,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 93-CV-695
_____
August 14, 1995

Before GARWOOD, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Richard R. Ochoa has moved for leave to appeal in forma pauperis (IFP) in his appeal from the district court's denial of his motion to set aside a default judgment. To proceed IFP on appeal, Ochoa must show that he is a pauper and that he will present a nonfrivolous issue on appeal. Carson v. Polley, 689

_____

[*]    Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

F.2d 562, 586 (5th Cir. 1982). Ochoa has established his pauper status.

The dispositive issue on appeal is whether the district court abused its discretion in denying IFP and refusing to set aside the default judgment because Ochoa had not shown excusable neglect for failing to respond to the Government's complaint against the $6,130.

FED. R. CIV. P 55(c) provides that for good cause shown a judgment of default may be set aside in accordance with Rule 60(b). Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). This court reviews a district court's decision denying such relief for abuse of discretion. Matter of Dierschke, 975 F.2d 181, 183 (5th Cir. 1992).

The judgment on appeal is the district court's denial of Ochoa's Rule 60(b)/55(c) motion. "[T]he denial of a Rule 60(b) motion does not bring up the underlying judgment for review." Matter of Ta Chi Navigation (Panama) Corp., S.A., 728 F.2d 699, 703 (5th Cir. 1984); see Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6, 8 (5th Cir. 1991) (appeal from ruling on Rule 60(b) motion not treated as an appeal from the underlying order itself).

A district court's ruling on a Rule 55(c) motion is reviewed for abuse of discretion, but "the standard for setting aside a default decree is less rigorous than [that for] setting aside a judgment for excusable neglect." See United States v. One Parcel

of Real Property, 763 F.2d 181, 183 (5th Cir. 1985) (citation omitted).  Factors relevant to a determination under Rule 55(c) is "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."  Id. (citation omitted).  Under either standard as applied to Ochoa's appeal, there was no abuse of discretion.

Rule 60(b) affords no relief if a party fails to receive notice of the entry of a court's order.  Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1204-05 (5th Cir. 1993).  Denial of a Rule 60(b) motion under the "excusable neglect" clause is not an abuse of discretion when the proffered justification for relief is the inadvertent mistake of counsel.  Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 356-57 (5th Cir. 1993).  A party has a duty of diligence to inquire about the status of a case.  Id. at 357.  Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b) relief.  Id.

To gain relief under Rule 60(b)(6), a party must show the initial judgment to have been manifestly unjust.  Id.  However, a party remains under a duty to take legal steps to protect his own interests.  Id.  Clause (6) of Rule 60(b) is a narrow means of accomplishing justice under exceptional circumstances.  Id. Ochoa's argument for relief under Rule 60(b) admits his own negligence in monitoring the litigation and his own ignorance of the law and rules of procedure.  The record shows proper notice of the trial date was published, was received by Ochoa in prison, and was sent to Ochoa's attorney.

The district court did not abuse its discretion in denying the Rule 60(b) motion for relief from judgment.  Because no nonfrivolous issue has been presented, the appeal is frivolous is DISMISSED.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.